```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK

--------------------------------X Docket#
MARK UVAYDOV,                   : 07-CV-2246(ERK)(LB)
          Plaintiff,            :
                                :
     - versus -                 : U.S. Courthouse
                                : Brooklyn, New York
LIQUIDATION PROPERTIES, INC.,   :
          Defendant             : June 6, 2007
--------------------------------X

              TRANSCRIPT OF CIVIL CAUSE
          FOR ORDER TO SHOW CAUSE HEARING
          BEFORE THE HONORABLE LOIS BLOOM
            UNITED STATES MAGISTRATE JUDGE

A   P   P   E   A   R   A   N   C   E   S:
```

For the Plaintiff:          Mark Uvaydov, pro se
                            62-10 99th Street
                            Rego Park, New York


For the Defendant:          Chian Paulson, Esq.
                            Druckman & Sinel


Official Transcriber:       Rosalie Lombardi
                                 L.F.


Transcription Service:      Transcription Plus II
                            821 Whittier Avenue
                            New Hyde Park, N.Y.  11040
                            (516) 358-7352


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

**Proceedings**

1  THE CLERK: Civil Cause for Order to Show Cause
2  Hearing, docket number 07-cv-2246, <u>Uvaydov v. Liquidation</u>
3  <u>Properties, Inc.</u>
4  Will the parties please state their names on
5  the record. There is no appearance by the plaintiff.
6  For the defendant?
7  MR. PAULSON: Good morning, your Honor.
8  Chian Paulson (phonetic) with Druckman & Sinel,
9  attorney for secured creditor Yael Bar-Shov.
10  THE CLERK: The Honorable Lois Bloom presiding.
11  THE COURT: Good morning, Mr. Paulson.
12  MR. PAULSON: Good morning.
13  THE COURT: As you know, Mr. Uvaydov had come
14  to the court two days ago and filed an order to show
15  cause asking for a preliminary injunction and a temporary
16  restraining order. I was referred this matter by
17  Judge Korman, who is the assigned district judge.
18  Plaintiff was seeking to enjoin Liquidation Properties,
19  who is the named defendant in this case, you had named
20  other clients of yours who I know are involved in the
21  foreclosure in the state court matter, but this case
22  names Liquidation Properties. And plaintiff was seeking
23  to stop the foreclosure sale of this property at 75-47
24  188th -- 187th Street in Flushing, New York.
25  The Court scheduled this hearing today noting

Proceedings

3

1  that the complaint filed pro se on June 4 alleged both
2  Truth In Lending Act violations under TILA, 15 USC
3  Section 1601 *et seq.* and the Real Estate Settlement
4  Procedure Act, RESPA, 12 USC Section 2601 *et seq.*
5  Plaintiff had paid the statutory filing fee to commence
6  the action and as I said, by endorsement dated June 14,
7  2007, Judge Korman denied plaintiff's request for a
8  temporary restraining order and referred the remaining
9  issues to me for a report and recommendation under 20 USC
10 Section 636(b).
11            I know that Mr. Uvaydov had notice of today's
12 hearing because the order setting today's hearing was put
13 into his hand by a clerk.  And so he has failed to
14 appear.  The hearing was scheduled for 10 o'clock and the
15 Court takes notice that the time is presently 10:36.
16 Mr. Paulson, have you been contacted by Mr. Uvaydov?
17            MR. PAULSON:  I have not, your Honor.
18            THE COURT:  And the Court has not been
19 contacted.  So at this point in time, I am going to put
20 it on the record the report and recommendation, get a
21 transcript made of this, and I'm not sure that you're
22 familiar with the federal court process but a report and
23 recommendation has ten days during which the plaintiff
24 can file objections to the district judge before the
25 district judge will consider it.

4

## Proceedings

1    This action stems from Civil Court, Queens
2  County foreclosure action.  A judgment of foreclosure and
3  sale was entered by that court on March 3, 2004.  And
4  again, on April 24, 2007.  And the sale at a public
5  auction of the property has been set for June 8, 2007 at
6  11 a.m.
7    Plaintiff has previously attempted to forestall
8  the foreclosure and sale in the state courts and by
9  filing a petition for bankruptcy in United States
10 Bankruptcy Court for the Eastern District of New York.
11 The petition for a Chapter 13 bankruptcy was dismissed,
12 appealed and affirmed by this court in Uvaydov v. Yael
13 Bar-Shov, 05-cv-0095, Judge Korman and In Re:  Mark
14 Uvaydov, 06-cv-5711, Judge Cogan.
15    Plaintiff then appealed to the United States
16 Court of Appeal for the Second Circuit and the Court
17 takes notice of the opinions of the two district court
18 judges, as well as of the bankruptcy judge in the matter
19 of Mark Uvaydov, Chapter 13, Case No. 105-29306 (Judge
20 Feller)(USBC, EDNY).
21    These facts are reported in Judge Feller's
22 decision that plaintiff is the record owner of a single
23 family house at the lot at 75-47 187th Street in
24 Flushing, New York.  Judge Feller notes that the property
25 is not plaintiff's primary residence, although he did

Proceedings
5

1  dispute that in his reply papers to Judge Cogan.  The
2  residence is encumbered by two mortgages, the first in
3  the original amount of $306,000 obtained on September 16,
4  1998, recorded on November 24, 1998, and a second
5  mortgage in the original amount of $217,859 obtained on
6  September 17, 1998 and recorded on November 24, 1998.
7           An entity named Secured Creditor hold the
8  second mortgage and after several assignments, now also
9  owns the first mortgage which was originally held by the
10 defendant via an assignment made on March 4, 2004.
11          The foreclosure action was initially filed in
12 2003 in the Supreme Court of New York, Queens County,
13 under Index 14277/03 and after multiple stays and delays,
14 the judgment was entered in favor of defendant.
15 According to plaintiff, he has filed an appeal in the
16 state court and that's stated in his affidavit in support
17 of the order to show cause.
18          Before considering any requests for a
19 preliminary injunction on the merits, the Court must
20 first address whether this court has jurisdiction to
21 consider such a motion and in reviewing plaintiff's
22 complaint, the Court is mindful that because he is
23 proceeding pro se, his submission should be held to a
24 less stringent standard than a formal pleading drafted by
25 a lawyer.

6

**Proceedings**

1   However, subject matter jurisdiction because it
2   involves the Court's power to hear a case can never be
3   waived or forfeited.  Moreover, federal courts including
4   this court, have an independent obligation to determine
5   whether subject matter jurisdiction exists even in the
6   absence of a challenge from any party.  I'm citing to
7   <u>Arbaugh v. Y & H Corp</u>., 546 US 500, 126 S. Ct. Reporter,
8   1235, 1244, (2006), citations omitted.
9   When a federal court concludes that it lacks
10  subject matter jurisdiction, the Court must dismiss the
11  complaint.  To the extent that plaintiff seeks to
12  overturn a decision of the Supreme Court of the State of
13  New York Queens County, the Court finds that the Rooker
14  Feldman Doctrine clearly precludes this court from
15  exercising jurisdiction over this matter.
16  Under Rooker Feldman, and this is derived from
17  the <u>Rooker v. Fid. Trust Co.</u> case, 263 US 413 (1923) and
18  <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 US 462
19  (1983), a United States District Court has no authority
20  to review final judgments of a state court in judicial
21  proceedings except for constitutional challenges and
22  reviews pursuant to an application for writ of habeas
23  corpus.
24  As the supreme court has held, the Rooker
25  Feldman Doctrine precludes a district court from hearing

1  cases brought by state court losers complaining of
2  injuries caused by state court judgments rendered before
3  the federal district court proceedings commenced and
4  inviting district court review and rejection of those
5  judgments. And I am citing there to <u>Exxon Mobil Corp. v.</u>
6  <u>Saudi Basic Indus. Corp.</u>, 544 US 280, 125 S.Ct. 1517,
7  1521-22, (2005), as well as to <u>Hoblock v. Albany County</u>
8  <u>Board of Elections</u>, 422 F.3d 77, 83,(2d Cir. 2005).
9          Therefore, to the extent that plaintiff brings
10 the instant complaint as a means to challenge the Queens
11 County Supreme Court's decision in the foreclosure
12 action, this court lacks jurisdiction to hear the case.
13 And there were many cases that I could chose from from
14 this court to cite to, I will just give a few; <u>Trakansook</u>
15 <u>v. Astoria Federal Savings and Loan</u>, 06-cv-1640, 2007 WL
16 160433, (E.D.N.Y. April 18, 2007). <u>Mac Pherson v. State</u>
17 <u>Street Bank</u>, 452 F.Supp.2d 133 (EDNY 2006), <u>Feinstein v.</u>
18 <u>The Chase Manhattan Bank</u>, No. 06-cv-1512, 2006 WL 898076
19 *2 (E.D.N.Y. Apr 5, 2006.
20         Since the Rooker Feldman prohibits the Court
21 from reviewing a state court judgment, specifically the
22 decision in the Queens County Supreme Court foreclosure
23 action, that portion of the complaint should be dismissed
24 and plaintiff's motion for preliminary injunction cannot
25 be acted upon as the Court has no power to entertain such

8

**Proceedings**

1  a request.
2              However, there remains plaintiff's attempt to
3  characterize this action as a violation of federal law in
4  order to avoid the foreclosure sale and plaintiff alleges
5  that the Court has jurisdiction over this case based on
6  the TILA and RESPA statutes.
7              Specifically, plaintiff alleges that he did not
8  receive an "estimate of charges," "a booklet regarding
9  his loan application," "disclosure if there was an
10 'assignment, sale or transfer of the loan servicing,'"
11 "required disclosures, clearly and conspicuously in
12 writing," and that defendant failed to "permit plaintiff
13 the right to rescind," "to provide and execute said
14 documents" and "include in the finance charges certain
15 charges enclosed by defendant." All of this is found at
16 plaintiff's complaint at paragraph 13 sub (b)-(g).
17             I note that plaintiff tried to raise these
18 claims both in the state court in his answer, as well as
19 in the bankruptcy matter appeal. He raised it on reply
20 to Judge Cogan and Judge Cogan on January 31, 2007, wrote
21 a corrected order denying a motion for reconsideration
22 that had been made by Mr. Uvaydov and stated that even if
23 he had alerted the bankruptcy court to his claims
24 regarding the Truth In Lending Act, or the Fair Debt
25 Collection Practices Act, that would not have been

9

**Proceedings**

1  enough.  I am reading from page 2 of the decision now.
2          "As to the particular statutes he claims were
3  violated, it would be insufficient to say that
4  Liquidation Properties failed to apprise him of the true
5  cost of the mortgage rates, interest and payments, and
6  same were concealed and never explained to me as his
7  state counterclaim alleges.  He would have had to have
8  identify the person he spoke to at Liquidation
9  Properties, set forth the substance of what he was told
10 and the date on which he was told it, and then proved
11 that the acts -- what the actual mortgage rates and other
12 items were that he was being charged.  Surely, he had
13 this information.  He is the mortgagor.  He knows what he
14 was told, who told it to him, when it was told to him,
15 and he has the bills for mortgage payments that according
16 to him, contradict the information that he was given.  He
17 cannot rest on conclusory allegations."
18         That was what Judge Cogan had said and further
19 said that "Even if Mr. Uvaydov has some TILA claim," I am
20 now reading from page 3 of Judge Cogan's decision,
21 "against his original mortgagee, that does not
22 necessarily give him a defense to lift a stay motion at
23 that time, against subsequent assignees like Liquidation
24 Properties."
25         I also have to note for the record that

10

Proceedings

1  Judge Feller had very strong language in his decision on
2  Mr. Uvaydov's Chapter 13 bankruptcy petition.  What
3  Judge Feller says on page 7 of his decision, which is
4  again case number 05-29306, is "The debtor's scheme is
5  little more than a transparent, strategic ploy to
6  impermissibly use the bankruptcy court as a form to
7  litigate claims which may be asserted, if at all, in the
8  state court forum.  And the automatic stay is the anchor
9  of that ploy."
10          Judge Feller went further to state, "This court
11 has a duty to preserve and protect the systemic integrity
12 of the bankruptcy process."
13          Again, these findings are made part of the
14 record and incorporated by Mr. Uvaydov's complaint.  And
15 the Court has incorporated the language from
16 Judge Cogan's opinion and Judge Feller in an effort just
17 to give a flavor of the amount of litigation Mr. Uvaydov
18 has spun regarding this underlying foreclosure.
19          Plaintiff was given notice of today's hearing
20 date.  He has failed to appear.  That in and of itself
21 under Rule 16(f) of the federal rules would be sufficient
22 for the Court to dismiss the action.  The preliminary
23 injunction is denied for the reasons stated on the
24 record.  Preliminary injunctions are an extraordinary and
25 drastic remedy.  Plaintiff must show a threat of

Transcription Plus II            Rosalie Lombardi

                                                                11
                           **Proceedings**

1    irreparable harm and either a probability of success on
2    the merits or sufficiently serious questions going to the
3    merits of the claims to make them fair ground for
4    litigation and a balance of hardships tipping decidedly
5    in favor of the moving party.  Plaintiff has not done so
6    here.
7              However, in an abundance of caution, in light
8    of plaintiff's pro se status, plaintiff will be given 20
9    days to submit an amended complaint under TILA and RESPA.
10   And this is done under the Second Circuit cases in <u>Cruz</u>
11   <u>v. Gomez</u>, and <u>Gomez v. USAA Federal Savings Bank</u>, 202
12   F.3d 593 (2d Cir. 2000).
13             This is Mr. Uvaydov, just entering the
14   courthouse now.
15             MR. UVAYDOV:  Yes.
16             THE COURT:  You understand that this hearing
17   was on for 10 o'clock this morning, sir?
18             MR. UVAYDOV:  (inaudible).
19             THE COURT:  Come forward, sir.  I have entered
20   my decision on the record.  You will get a copy of it.
21   Let the Court's records reflect it is now 10:50 and
22   Mr. Uvaydov, which one is Mr. Uvaydov?  You are
23   Mr. Uvaydov?
24             MR. UVAYDOV:  Yes.
25             THE COURT:  Okay.  Please state your name for


             Transcription Plus II        Rosalie Lombardi

```
                                                          12
                        Proceedings
 1  the record.
 2           MR. UVAYDOV:  I'm Mark Uvaydov.
 3           THE COURT:  Okay.  Please be seated.  I have
 4  denied the request for preliminary injunction and as to
 5  the challenge to the foreclosure, this court has no
 6  jurisdiction to entertain that request.  As to the claims
 7  under TILA and RESPA, you will be given 20 days from
 8  today to file an amended complaint.  As I stated on the
 9  record, Judge Cogan was clear of what you would need to
10  state in order to make the claim under TILA and RESPA.
11  And if you want to replead, you may do so under this
12  docket number within 20 days.  It should be captioned as
13  an amended complaint.  But your request for preliminary
14  injunctive relief, this court has no jurisdiction over.
15  Under the Rooker Feldman Doctrine, you cannot overturn
16  the state court foreclosure order by coming into this
17  court and making a claim.
18           You will have ten days to -- let me finish --
19  that you have 20 days to submit an amended complaint to
20  set forth your claims under RESPA and TILA and although I
21  am going backwards, I will refer you to page 2 of
22  Judge Cogan's decision from January 31 where he says that
23  you cannot state a TILA or RESPA claim in conclusory
24  terms and he says what types of allegations and facts you
25  would need to allege.
```

13
**Proceedings**

1  And I am giving you this chance to amend in an
2  abundance of caution under Cruz v. Gomez, 202 F.3d 593
3  (2d Cir. 2000) and Gomez v. United States AA Fed. Savings
4  Bank, 171 F.3d 794, 795, (2d Cir. 1999) case which states
5  that "a pro se complaint is to be read liberally and
6  should not be dismissed without granting leave to amend
7  at least once when such a reading gives any indication
8  that a valid claim may be stated."
9      So you will have 20 days to file an amended
10 complaint and the Court will review that complaint when
11 it is received.  As to the decision of the Court today
12 that there is no subject matter to entertain your
13 preliminary injunction request regarding the foreclosure,
14 I have entered the decision and pursuant to 28 USC 636(b)
15 and Rule 72(b) of the Federal Rules of Civil Procedure,
16 you will have ten days to file written objections and
17 such objections shall be filed with the clerk of the
18 court and any requests for an extension of time to file
19 objections must be made within the ten day period.  And
20 failure to file a timely objection to this report to
21 Judge Korman will waive any further judicial review and I
22 cite to Marcella v. Capital District Physician's Health
23 Plan. 293 F.3d 42, (2d Cir. 2002), Small v. Secretary of
24 Health and Human Services, 892 F.2d 15, (2d Cir. 1989)
25 and C. Thomas v. Oren (phonetic), 474 US 140 1985.

Transcription Plus II           Rosalie Lombardi

```
                                                              14
                          Proceedings
 1          Mr. Uvaydov, I will get a copy of the
 2  transcript of today's proceeding made part of today's
 3  record.  And it should be made part of the Court's record
 4  by the end of tomorrow.  And then you have the ten days
 5  to file your objections to the report and recommendation.
 6          Anything further today, Mr. Uvaydov?
 7          MR. UVAYDOV:  No.
 8          THE COURT:  Anything further today on behalf of
 9  defendants?
10          MR. PAULSON:  No, your Honor.
11          THE COURT:  Then this matter is adjourned.
12  Thank you.
13          MR. PAULSON:  Thank you.
14          (Matter concluded)
15               -oOo-
16
17
18
19
20
21
22
23
24
                    C E R T I F I C A T E
```

Transcription Plus II                    Rosalie Lombardi

15

I, ROSALIE LOMBARDI, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **6th** day of **June**, 2007.

*Rosalie Lombardi*

------------------------

Rosalie Lombardi
Transcription Plus II